UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JERRY DUWENHOEGGER, | Case No. 17-CV-1432 (PJS/TNL) |
| Petitioner, | |
| v. | ORDER |
| EDDIE MILES, Warden, | |
| Respondent. | |

Jerry Duwenhoegger, pro se.

James B. Early and Matthew Frank, MINNESOTA ATTORNEY GENERAL'S OFFICE, for respondent.

Almost 20 years ago, petitioner Jerry Duwenhoegger was convicted in state court of burglary and related crimes ("the burglary convictions"). At about the same time, in a separate prosecution, Duwenhoegger was convicted in state court of two counts of conspiracy to commit first-degree murder ("the conspiracy convictions"). He now petitions for habeas relief under 28 U.S.C. § 2254 with respect to all of these convictions.

On May 5, 2017, Magistrate Judge Tony N. Leung issued a Report and Recommendation ("R&R") that recommends dismissing Duwenhoegger's petition partly with and partly without prejudice. Specifically, Judge Leung recommends dismissing with prejudice all claims relating to the burglary convictions because, as to those convictions, the petition is untimely under 28 U.S.C. § 2244(d). Judge Leung

further recommends dismissing without prejudice all claims relating to the conspiracy convictions because, as to those convictions, the petition is a second-or-successive petition for which Duwenhoegger has failed to obtain authorization from the United States Court of Appeals for the Eighth Circuit. *See* 28 U.S.C. § 2244(b)(3).

This matter is before the Court on Duwenhoegger's objection to the R&R. The Court has conducted a de novo review. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Duwenhoegger's objection and adopts the R&R.

Duwenhoegger argues that his petition is timely because (1) the state has prevented him from earlier seeking habeas relief and (2) he is (partly) relying on a purportedly new rule of constitutional law announced in *Lafler v. Cooper*, 566 U.S. 156 (2012), and *Missouri v. Frye*, 566 U.S. 133 (2012). *See* 28 U.S.C. § 2244(d). Duwenhoegger also challenges the constitutionality of the restrictions on second-or-successive petitions found in § 2244(b) and the statute of limitations found in § 2244(d).

As Judge Leung noted, Duwenhoegger has for many years been a very active litigant in both state and federal courts. Obviously, then, he cannot show that the state prevented him from timely seeking federal habeas relief. Likewise, Duwenhoegger cannot rely on *Lafler* or *Frye* to re-start the statute of limitations, as those cases did not

announce a new constitutional right and are not retroactive.[1] *See Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013) (per curiam). Finally, Duwenhoegger's challenges to the constitutionality of 28 U.S.C. § 2244(b) and (d) are without merit. *Felker v. Turpin*, 518 U.S. 651, 663-64 (1996) (rejecting constitutional challenge to § 2244(b)); *Denton v. Norris*, 104 F.3d 166, 167 (8th Cir. 1997) (same); *Hirning v. Dooley*, 209 F. App'x 614, 615 (8th Cir. 2006) (per curiam) (rejecting constitutional challenge to § 2244(d)).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES petitioner's objection [ECF No. 9] and ADOPTS the R&R [ECF No. 7]. IT IS HEREBY ORDERED THAT:

1. This action is DISMISSED IN PART WITH PREJUDICE and DISMISSED IN PART WITHOUT PREJUDICE as follows:

    a. The petition is DISMISSED WITH PREJUDICE as untimely insofar as it challenges petitioner's convictions for burglary, interference with a 911 call, and trespass.

---

[1] The Court notes that, even if *Lafler* and *Frye* were retroactive, Duwenhoegger's petition would likely be untimely anyway.

b. The petition is DISMISSED WITHOUT PREJUDICE insofar as it challenges petitioner's convictions for conspiracy to commit first-degree murder.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 23, 2017         s/Patrick J. Schiltz
                            Patrick J. Schiltz
                            United States District Judge