UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JERRY DUWENHOEGGER, | Case No. 17-CV-1432 (PJS/TNL) |
| Petitioner, | |
| v. | ORDER |
| EDDIE MILES, Warden, | |
| Respondent. | |

Jerry Duwenhoegger, pro se.

James B. Early and Matthew Frank, MINNESOTA ATTORNEY GENERAL'S OFFICE, for respondent.

The Court recently denied petitioner Jerry Duwenhoegger's petition for habeas relief under 28 U.S.C. § 2254. ECF No. 12. Duwenhoegger filed a notice of appeal, ECF No. 14, and was granted permission to appeal in forma pauperis ("IFP"), ECF No. 23. He now brings a motion asking the Court to provide him with copies of documents in the record. According to Duwenhoegger, he is in need of these materials because defendant has seized and destroyed his copies of the documents.

Duwenhoegger is not a credible litigant. He is, for example, presently claiming that he "was denied any & all access to the Court from Dec. 2009 to Oct. 2016 . . . ." ECF No. 30 at 1. This is demonstrably false. Duwenhoegger filed a civil-rights action in this Court on September 17, 2010, and he vigorously litigated that action by filing pleadings,

briefs, and other documents on numerous occasions in late 2010, 2011, 2012, and early 2013. *See Pastor Jerry J. Duwenhoegger, Sr. v. John R. King, et al.*, Case No. 10-CV-3965 (PJS/JSM). The Court is skeptical of Duwenhoegger's allegation that defendant destroyed all of his papers.

Even assuming that Duwenhoegger is telling the truth, an order granting leave to proceed IFP does not automatically give a litigant the right to obtain a free copy of any document in the record that the litigant may want. *Guinn v. Hoecker*, 43 F.3d 1483 (10th Cir. 1994) (unpublished table decision); *see also In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (IFP status "does not give the litigant a right to have documents copied and returned to him at government expense."); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (per curiam) ("the statutory right to proceed in forma pauperis . . . does not include the right to obtain copies of court orders without payment therefor"). Nevertheless, acting in the interests of justice and in exercise of its discretion, the Court will direct the Clerk of Court to send Duwenhoegger a copy of the Report and Recommendation [ECF No. 7] and the order adopting the Report and Recommendation [ECF No. 12].

The Court will not, however, produce copies of the (voluminous) remaining materials that Duwenhoegger requests, all of which were filed by Duwenhoegger himself. An IFP litigant is not entitled to free copies of documents that he submitted to

the Court. *See Anderson v. Gillis*, 236 F. App'x 738, 739 (3d Cir. 2007) (per curiam) (although prisoners who have been granted IFP status in a habeas case may obtain certain documents free of charge, "copies of documents generated by the petitioner and filed by him previously in the case would not be included"); *Fiveash v. Tom Green Cty.*, 30 F.3d 1493 (5th Cir. 1994) (per curiam) (unpublished table decision) ("There is no provision in the statute which gives Fiveash the right to have his pleadings copied and returned to him at Government expense."); *see also Douglas*, 327 F.2d at 662 (rejecting appellant's motion for a copy of his pleading because "[h]e necessarily knows what he alleged in his complaint, even if he did not retain a copy"). Nor is production of these materials necessary to the United States Court of Appeals for the Eighth Circuit, as that court has indicated that it will rely on the electronic version of the record. ECF No. 27; *cf.* 28 U.S.C. § 1915(c) (district court may authorize payment for printing the record on appeal if the printing is required by the appellate court). If Duwenhoegger wishes to obtain copies of these materials, he must contact the Clerk of Court and pay the requisite fees.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's motion for the production of copies [ECF No. 24] is GRANTED IN PART and DENIED IN PART.

2. The motion is GRANTED to the extent that the Court directs the Clerk of Court to print and mail to petitioner a copy of the Report and Recommendation [ECF No. 7], the order adopting the Report and Recommendation [ECF No. 12], and this order.

3. The motion is DENIED in all other respects.

Dated:  June 28, 2017         s/Patrick J. Schiltz
                              Patrick J. Schiltz
                              United States District Judge